E-FILED
Thursday, 29 October, 2026 12:47:21 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MASON SKELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26-1250 |
| | ) | |
| LATOYA HUGHES, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Menard Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**ALLEGATIONS**

Plaintiff alleges events arising from his incarceration at Pontiac Correctional Center ("Pontiac"). Defendants are alleged to have been employed at the facility in the following capacities: Defendant Carothers was the warden; Defendants Gish and Davis were correctional

lieutenants; Defendants Sereg and Tillotson were correctional officers; Defendant Alford was the medical director; and, Defendants Kashelle and Amy were nurses. Defendant Hughes is the Director of the Illinois Department of Corrections. Defendant Centurion is the private company contracted to provide medical services to Illinois prisons.

Plaintiff alleges that he experienced severe abdominal pain and excessive diarrhea and bowel movements that caused fatigue, increased appetite, sleep deprivation, and mental health issues, beginning in early February 2026. He alleges that he was initially prescribed pepto-bismol.

Plaintiff alleges that he reported to Defendants Amy and Kashelle that pepto-bismal was not working shortly thereafter. He alleges that he submitted a grievance in February 2026 that Defendant Carothers deemed emergent and directed grievance officials to expedite review. Plaintiff alleges that prison officials canceled and rescheduled five sick call appointments for security reasons (no escorts available, lockdown, other security issues) between February 20, 2026, and March 17, 2026. Plaintiff alleges that he saw Defendant Alford during door-to-door rounds on March 19, 2026, who ordered that Plaintiff be seen in urgent care within 1-5 days. Plaintiff alleges that unidentified housing unit officers failed to follow this order. He alleges he was not brought to the medical unit for a scheduled appointment on March 24, 2026.

Plaintiff alleges that he submitted six sick call requests to Defendants Kashelle and Amy from late April 2026 through May 12, 2026, and that Defendant Kashelle conducted fecal testing on May 12, 2026, that was negative for blood. Plaintiff saw a non-defendant physician on May 28, 2026, who prescribed anti-inflammatory medication and steroids and ordered blood tests.

Plaintiff alleges that his pain and discomfort increased during this timeframe, and that he reported to a non-defendant physician on June 10, 2026, that the medication was not working.

## DISCUSSION

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail, a plaintiff must show that the prison official acted with deliberate indifference to a serious medical need. *Id.* at 105. Claims of negligence, medical malpractice, or disagreement with a prescribed course of treatment are not sufficient. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc); *McDonald v. Hardy*, 821 F.3d 882, 888 (7th Cir. 2016). Plaintiff sufficiently alleged that he suffered from a serious medical need.

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official's subjective awareness of a risk "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842. Courts defer to treatment decisions made by medical professionals unless the evidence shows that "no minimally competent professional would have so responded under those circumstances." *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008).

A treatment decision permits an inference that the medical provider acted with deliberate indifference only when the decision constitutes "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Petties*, 836 F.3d at 729 (internal quotations omitted). Persisting in a course of treatment known to be ineffective, failing to follow

an existing protocol, delaying treatment without penological justification, and refusing to follow a specialist's recommendations may permit an inference that a medical professional failed to exercise the appropriate judgment. *Id.* at 729-30.

Plaintiff does not make any specific allegations against Defendants Hughes, Centurion, Tillotson, Davis, Gish, or Sereg in his complaint. Plaintiff cannot hold Defendant Hughes liable just because she was in charge, see *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), and his allegations do not permit a plausible inference that any constitutional deprivation he suffered resulted from Defendant Centurion's policies or practices as required to hold them liable. *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978). Absent specific allegations regarding how the remaining individuals were involved in his medical care, the Court cannot find that Plaintiff states a claim against them. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

Plaintiff's allegations that Defendant Carothers expedited review of his grievance, and that Defendant Alford directed medical staff to see him within 1-5 days, do not permit a plausible inference that either of these defendants acted with deliberate indifference. The Court can infer from Defendant Alford's order that Plaintiff's condition was not life-threatening and did not require immediate medical intervention. No plausible inference arises that Defendants Kashelle and Amy were responsible for the security issues that resulted in the cancellations Plaintiff alleges, but Plaintiff's allegations that these appointments were rescheduled suggests against an inference of deliberate indifference.

The events Plaintiff alleges occurred over the course of four months, and his allegations disclose that he saw medical providers on at least five occasions during that time, where he received different medications and testing. (Doc. 1 at 8-9). Plaintiff may be able to state a claim based on the alleged delay, but he must identify the prison officials responsible for same. *See Petties*, 836 F.3d at 730 ("[W]hether the length of a delay is tolerable depends on the seriousness of the condition and the ease of providing treatment."); *Proctor v Sood*, 863 F.3d 563, 568 (7th Cir. 2017) (medical professionals that routinely examined and ordered medications and testing for inmate with irritable bowel syndrome were not deliberately indifferent).

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**Plaintiff's Motions to Request Counsel (Docs. 8, 11)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff satisfied the first prong. Plaintiff states he has completed some high school. He has personal knowledge of the facts, he has been able to adequately communicate them to the Court, and he should be able to file an amended complaint if he so chooses. This case does not appear overly complex at this time. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motions are denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's Motion [8][11] are DENIED with leave to renew.**

3) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 29th day of October, 2026.

*s/Michael M. Mihm*

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE